Case 2:24-cv-00126   Document 39   Filed on 03/11/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SEAN HICKS, | § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00126 |
| BRYAN COLLIER, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 22). The M&R recommends that the Court:

(1) Retain several of Plaintiff's Eighth Amendment claims;

(2) Dismiss all of Plaintiff's other claims;

(3) Deny Plaintiff's motion for a temporary injunction;

(4) Deny Plaintiff leave to amend.

(D.E. 22, p. 58–59). Plaintiff has filed written objections to the M&R. (D.E. 29).

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 29), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 22).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.

1 / 6

1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff raises numerous objections to the M&R. *See generally* (D.E. 29). The Court addresses each in turn.

Plaintiff first objects to the M&R's statement that after he suffered a heat stroke on August 1, 2024, he was taken away by medical staffers on a stretcher. *Id.* at 1. Plaintiff requests that the Court clarify that "Sargent Alanis denied respite to Plaintiff" before he was taken by stretcher. *Id.* This clarification regarding the time that Sargent Alanis allegedly denied respite is not material to the M&R's analysis. Accordingly, the Court **OVERRULES** this objection.

Plaintiff next objects to the dismissal of his ADA/RA claim. *Id.* The M&R recommends that the Court dismiss Plaintiff's ADA and RA claims because Plaintiff's "claims hinge upon TDCJ's alleged failure to provide him with adequate medical care,"—a claim not available under Fifth Circuit precedent. (D.E. 22, p. 53) (quoting *Wagner v. Harris Cnty., Tex.,* No. 4:23-CV-2886, 2024 WL4438668, at *10 (S.D. Tex. Oct. 7, 2024) (Ellison J.)). Although the Court empathizes with the facts Plaintiff presents in his objection, those facts do not demonstrate that Plaintiff has stated a viable claim under the ADA/RA because they do not show that Plaintiff is complaining of something other than the alleged failure to provide him with adequate medical care for his back condition and heat-mitigation needs. *See* (D.E. 29, p. 1). The Court **OVERRULES** this objection.

Plaintiff also objects to the dismissal of his claim against Warden Samiago and Warden Tovar regarding heat-related conditions. *Id.* The M&R recommends dismissing Plaintiff's Eighth Amendment claims against Wardens Samiago and Tovar because Plaintiff fails to plausibly allege that

they "possess policymaking authority to direct and implement heat mitigation measures" as required by *Ex Parte Young*. (D.E. 22, p. 28–29). Although in his objections Plaintiff alleges that, as wardens, both Warden Samiago and Warden Tovar "hold and have decision making ability" by virtue of their "training of police and [rules] and law of TDCJ[,]" this does not amount to an allegation that either has the power to set policy for the prison. (D.E. 29, p. 1). In other words, because Wardens Samiago and Tovar lack the power to change the prison's heat-mitigation policy, Plaintiff has no viable claim against them for injunctive relief seeking a change of the heat-mitigation policy. And, although a "warden is responsible for any going ons at the [prison]," *Id.* at 2, 42 U.S.C. § 1983 does not authorize a claim for vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Accordingly, the Court **OVERRULES** Plaintiff's objection to the dismissal of his suit against Warden Samiago and Warden Tovar for heat-related conditions.

Next, Plaintiff objects to "Denial of respite and cool showers[.]" (D.E. 29, p. 2). In the section of the M&R titled same, Magistrate Judge Neurock recommends the Court retain Plaintiff's deliberate indifference claims for denial of respite against Sergeant Florez, Officer Balderez, Officer Garner, and Sergeant Alanis, and Plaintiff's claims seeking prospective injunctive relief in the form of air-conditioned housing against Directors Collier and Holmes in their official capacities. (D.E. 22, p. 32–41). The M&R recommends dismissal of all other claims against those Defendants. *Id.* The factual allegations Plaintiff raises in his objections are troubling and the Court is concerned. (D.E. 29, p. 3). Plaintiff can litigate these allegations in the retained claims outlined above. But, for the following reasons, the Court **OVERRULES** Plaintiff's objections regarding this section.

With respect to Sergeant Florez, Plaintiff objects to the dismissal of his claims alleging failure to provide adequate heat-mitigation measures, failure to provide medical care, and any claims against Sergeant Florez in his official capacity. (D.E. 29, p. 3). However, Plaintiff does not allege that Sergeant Florez has policymaking authority, does not explain what medical care Sergeant Florez allegedly

denied him, and does not seek any prospective injunctive relief against Sergeant Florez. Accordingly, the Court **OVERRULES** Plaintiff's objection with respect to Sergeant Florez.

Regarding Officer Balderez, Plaintiff objects to the dismissal of his official-capacity claim and his claim for denial of medical treatment. *Id.* Again, Plaintiff does not explain what medical care Officer Balderez allegedly denied, and he does not seek prospective injunctive relief. *See id.* The Court **OVERRULES** Plaintiff's objection regarding Officer Balderez.

As for Officer Garner, Plaintiff levels the same official-capacity and denial-of-medical objection as for Officer Balderez. *Id.* For the same reasons (lack of prospective injunctive relief and failure to explain what medical care Officer Balderez allegedly denied), the Court **OVERRULES** Plaintiff's objection regarding Officer Garner.

Finally, Plaintiff objects to the M&R's recommendation regarding dismissal of his claim against Sergeant Alanis in her official capacity. *Id.* Plaintiff alleges that Sergeant Alanis "was working a job under the color of law[,]" was trained in all TDCJ policies and Texas laws, and was informed three times of Plaintiff's maladies and went as far as overruling a Lieutenant who had given Plaintiff respite. *Id.* Notwithstanding these allegations, Plaintiff has not pled a claim for prospective injunctive relief, as required to sustain an official-capacity suit. Accordingly, the Court **OVERRULES** Plaintiff's objection regarding Sergeant Alanis.

Plaintiff also objects to the dismissal of his lawmakers' responsibility claim, arguing that lawmakers should be held responsible when laws are broken. *Id.* at 4. The M&R recommends dismissal of Plaintiff's claim against unidentified lawmakers because Plaintiff does not allege any facts indicating that these unidentified individuals play any role in the enforcement of laws or policies. (D.E. 22, p. 40). Plaintiff's argument, although compelling, does not offer any such factual allegations. Accordingly, the Court **OVERRULES** this objection.

Plaintiff then objects to the M&R's enumeration of allegations relating to unnamed UTMB

employees, guards, and ranks on page eleven. (D.E. 29, p. 4). That portion of the M&R does not contain a recommendation. *See* (D.E. 22, p. 11). To the extent the names become relevant, Plaintiff can provide them during the course of litigating his retained claims. The Court **OVERRULES** this objection.

Plaintiff objects to the dismissal of his claim regarding the alleged understaffing of McConnell unit. (D.E. 29, p. 4). The M&R recommends dismissal of this claim because Plaintiff failed to allege that Director Collier implemented a policy to understaff TDCJ. (D.E. 22, p. 45). Plaintiff argues that McConnell Unit is understaffed by its "own omition," and that the Unit's employees recognize the understaffing through their own statements. (D.E. 29, p. 4). While Plaintiff's argument amounts to an allegation that the Unit is understaffed, it does not allege that there is a policy, implemented by Director Collier, of understaffing. *See id.* Accordingly, the Court **OVERRULES** this objection.

Finally, Plaintiff objects to "international treaties." *Id.* The M&R recommends dismissal of Plaintiff's treaty-violation claims because Plaintiff failed to identify the treaty that was violated and failed to identify a private right of action (i.e., a treaty provision authorizing Plaintiff to sue for violations) under any treaty. (D.E. 22, p. 54). Plaintiff's objection does not cure those deficiencies. *See* (D.E. 29, p. 4). Accordingly, the Court **OVERRULES** Plaintiff's objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 29), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 22). Accordingly, the Court:

- **RETAINS** the following claims:
  - Plaintiff's Eighth Amendment heat-related conditions of confinement claim against Director Collier and Director Holmes in their individual capacities, and in their official capacities for prospective injunctive relief;
  - Plaintiff's Eighth Amendment deliberate-indifference claims against Sergeant

      Florez, Officer Balderez, and Officer Garner in their individual capacities for their alleged denial of respite to Plaintiff on May 9, 2024;

- Plaintiff's Eighth Amendment deliberate-indifference claim against Sergeant Alanis in her individual capacity for her alleged denial of respite, cool shower, or medical care to Plaintiff on August 1, 2024;

- Plaintiff's Eighth Amendment claims against Director Collier and Director Holmes in their official capacities for prospective injunctive relief in the form of air-conditioned housing that does not endanger Plaintiff's health or safety; and

- Plaintiff's Eighth Amendment claim against unknown TDCJ employees in their official capacities for prospective injunctive relief, based on their creation and implementation of the heat scoring system.

- **DISMISSES** all of Plaintiff's other claims.
- **DENIES** Plaintiff leave to amend his complaint.
- **DENIES** Plaintiff's motion for a temporary injunction. (D.E. 3).

SO ORDERED.

                                              DAVID S. MORALES
                                              UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
      March 10th, 2025